OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Crisp, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. Crisp v. Indus. Comm. (1992), Ohio St.3d    .]

Workers' compensation -- Claimant cannot relitigate an issue at a later date that was conclusively decided in a prior commission decision -- Issue is considered res judicata.

(No. 91-975 -- Submitted June 17, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-602.

Appellant-claimant, Willie Crisp, was injured on January 30, 1971, while in the course of and arising from his employment with appellee LTV Steel Company. His claim was allowed for "transverse fracture of neck of left femur; comminuted intra-articular fracture of distal left radius and transverse fracture of styloid process of left ulna" and "aggravation of pre-existing arthritis of the lumbo-sacral spine." Following an award of temporary total disability compensation, claimant returned to work on November 7, 1971 and continued working until his July 31, 1980 retirement. Among the options available to departing employees were "early retirement" and "disability retirement." Claimant chose neither, selecting a "62/15 retirement" instead (sixty-two years of age and fifteen years of service).

In November 1986, a commission district hearing officer denied claimant's request for renewed temporary total disability compensation, finding that "claimant voluntarily removed himself from the work force when he retired in 1980 ***." The Canton Regional Board of Review affirmed this order and the commission refused further appeal. This determination then became final.

In July 1987, claimant applied for permanent total disability compensation. The commission denied the application, finding, among other things, that claimant had voluntarily retired.

Claimant then brought this action in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion by denying permanent total disability

compensation.  The appellate court disagreed, holding that "there is some evidence to support the finding of the commission that [claimant] voluntarily removed himself from the work force," and denied the writ.

The cause is now before this court upon an appeal as of right.

Schiavoni & Schiavoni Co., L.P.A., and Joseph Bush III, for appellant.

Lee I. Fisher, Attorney General, Cordelia A. Glenn and Gerald H. Waterman, for appellee Industrial Commission.

Baughman & Associates Co., L.P.A., R. Patrick Baughman and Sandra Becher Sommers, for appellee LTV Steel Company.

Per Curiam.   An employee-initiated retirement that is not precipitated by industrial injury is considered "voluntary." State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44, 531 N.E.2d 678.  Voluntary retirement precludes permanent total disability compensation.  State ex rel. Chrysler Corp. v. Indus. Comm. (1991), 62 Ohio St.3d 193, 580 N.E.2d 1082.  In this case, claimant's permanent total disability denial was based on, among other things, voluntary retirement.  Claimant argues that there is no evidence to support the commission's conclusion that he voluntarily retired.  Upon review, we reject claimant's belated attempt to raise this argument.

Claimant seeks to relitigate an issue that was conclusively decided in early 1987.  Claimant ignores the fact that the voluntary retirement issue was determined by a district hearing officer in November 1986.  The commission ultimately affirmed that decision by an order mailed May 12, 1987, and the determination was not, thereafter, reversed.  The issue must, therefore, be considered res judicata.  See Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10.

Accordingly, the judgment of the appellate court is affirmed.

                              Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, and Resnick, JJ., concur.

H. Brown, J., not participating.