THE STATE EX REL. CRISP, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Crisp v. Indus.
Comm.* (1992), 64 Ohio St.3d 507.]

(No. 91–975—Submitted June 17, 1992—Decided September 2, 1992.)

*Schiavoni & Schiavoni Co., L.P.A.,* and *Joseph Bush III,* for appellant.

*Lee I. Fisher,* Attorney General, *Cordelia A. Glenn* and *Gerald H. Waterman,* for appellee Industrial Commission.

*Baughman & Associates Co., L.P.A., R. Patrick Baughman* and *Sandra Becher Sommers,* for appellee LTV Steel Company.

---

*Per Curiam.* An employee-initiated retirement that is not precipitated by industrial injury is considered "voluntary." *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. Voluntary retirement precludes permanent total disability compensation. *State ex rel. Chrysler Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 193, 580 N.E.2d 1082. In this case, claimant's permanent total disability denial was based on, among other things, voluntary retirement. Claimant argues that there is no evidence to support the commission's conclusion that he voluntarily retired. Upon review, we reject claimant's belated attempt to raise this argument.

Claimant seeks to relitigate an issue that was conclusively decided in early 1987. Claimant ignores the fact that the voluntary retirement issue was determined by a district hearing officer in November 1986. The commission ultimately affirmed that decision by an order mailed May 12, 1987, and the determination was not, thereafter, reversed. The issue must, therefore, be considered *res judicata.* See *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., not participating.