[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 649.]

THE STATE EX REL. KROGER COMPANY, APPELLANT, *v*. INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Kroger Co. v. Indus. Comm.*, 1998-Ohio-174.]

*Workers' compensation—Award of temporary total disability by Industrial*
*Commission not an abuse of discretion, when.*

(No. 95-881—Submitted September 23, 1997—Decided January 7, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD12-1746.

_____

{¶ 1} On November 28, 1988, claimant-appellee, Denise B. Dobbins, received an injury in the course of, and arising out of, her employment with appellant, Kroger Company ("Kroger"). Kroger, a self-insured employer, certified claimant's workers' compensation claim for "right shoulder strain."

{¶ 2} On February 27, 1991, claimant underwent surgery on her right shoulder. On April 30, 1991, claimant filed a motion with appellee, Industrial Commission of Ohio ("commission"), requesting that her claim "be additionally recognized for the conditions of 'severe rotator cuff tendonitis and impingement of the rotator cuff' with payment of Temporary Total Compensation from November 21, 1989 and continuing pursuant to medical certification." She accompanied her motion with surgical records as well as a narrative report dated April 10, 1991, and a C-84 "physician's report supplemental" from attending physician John J. Lochner, M.D.

{¶ 3} In his C-84 report, Dr. Lochner certified that claimant's temporary total disability "(TTD)" began on November 21, 1989, and gave an estimated return-to-work date of July 1, 1991. Also on file at that time was an "Attending Physician's Questionnaire" in which Dr. Lochner certified that claimant was disabled from employment from December 2, 1988 to February 13, 1989, inclusive.

**{¶ 4}** On July 19, 1991, a district hearing officer issued the following order:

"The claimant's request for an additional condition is granted. * * * The Hearing Officer finds the claimant was unable to return to work due to the allowed conditions in this claim for a period from 02-22-91 through 06-30-91. Therefore, Temporary Total Disability Compensation is to be paid for said period. Further compensation is to be paid upon submission of competent medical evidence. Periods of compensation preceding 02-22-91 are omitted since there is no documentation in file at this time.

"This order is based on the medical report(s) of Dr. Lochner."

**{¶ 5}** Kroger appealed this order to the Dayton Regional Board of Review. The board affirmed the district hearing officer's order in all respects, and no further appeal was taken by either party.

**{¶ 6}** In January 1992, claimant filed another motion requesting that TTD compensation "be paid from November of 1989 through February 27, 1991." In support of this motion, claimant submitted two narrative reports from Dr. Lochner, dated September 3 and 26, 1991, and another C-84 in which Dr. Lochner certified claimant as temporarily and totally disabled from November 21, 1989 with an estimated return-to-work date of September 1, 1991.

**{¶ 7}** On May 18, 1992, a district hearing officer ordered:

"Claimant's C-86 motion filed 1-24-92 requesting payment of temporary total disability compensation for the period from 11-21-89 to 2-21-91 is granted pursuant to medical evidence submitted at hearing; per A.P.Q. [Attending Physician's Questionnaire] dated 8-29-89 and filed 12-7-90, documenting claimant's inability to return to and perform the duties of her [former] position of employment as a service meat clerk due to the work related injury of 11-28-88. Therefore, temporary total disability compensation is to be paid for said period from 11-21-89 to 2-21-91. * * *

"Findings based on medical reports of Dr. Lochner."

**{¶ 8}** This order was affirmed administratively.

**{¶ 9}** Kroger commenced an action for a writ of mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding TTD compensation prior to February 22, 1991. The court of appeals denied the writ.

**{¶ 10}** The cause is now before this court upon an appeal as of right.

_____

*Porter, Wright, Morris & Arthur, Karl J. Sutter* and *Charles J. Kurtz III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee Industrial Commission.

*Susco & Associates Co., L.P.A.,* and *Michael E. Susco*, for appellee Denise Dobbins.

_____

**ALICE ROBIE RESNICK, J.**

**{¶ 11}** The issue presented is whether the commission abused its discretion in awarding claimant TTD compensation for the period from November 21, 1989 to February 21, 1991. Kroger's primary contention is that *res judicata* applies to prevent claimant from relitigating the issue of TTD compensation for periods preceding February 22, 1991. Kroger argues that this "same issue was previously heard [and] decided adversely to the Claimant" during the proceedings on claimant's first motion for TTD compensation.

**{¶ 12}** *Res judicata* operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Consumers' Counsel v. Pub. Util. Comm.* (1985), 16 Ohio St.3d 9, 10, 16 OBR 361, 362, 475 N.E.2d 782, 783. This principle applies to proceedings before the Industrial Commission. *State ex rel.*

*Crisp v. Indus. Comm.* (1992), 64 Ohio St.3d 507, 597 N.E.2d 119. See, also, 8 Larson's Workers' Compensation Law (1997) 15-427, Section 79.72(a).

**{¶ 13}** However, in order for *res judicata* to apply, the issue under consideration must have been "passed upon" or "conclusively decided" in an earlier proceeding. *Consumers' Counsel, supra*, 16 Ohio St.3d at 10, 16 OBR at 362, 475 N.E.2d at 783; *Crisp, supra*, 64 Ohio St.3d at 508, 597 N.E.2d at 120. "[*R*]*es judicata* does not apply if the issue at stake was not specifically decided in the prior proceeding. * * *" 8 Larson, *supra*, at 15-478, Section 79.72(f). Thus, in *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 643, 614 N.E.2d 1044, 1047, we declined to apply *res judicata* to prohibit further TTD compensation without a medical examination, explaining that:

"While the [prior] order did indeed provide that claimant should be examined and a hearing held if claimant requested further temporary total compensation, the order did not *expressly prohibit* compensation payment in the interim. *While this may have been what the commission meant, it is not what it said.* As a result, we find that the [subsequent] order did not alter the earlier final order, and *res judicata* was not violated." (Emphasis added.)

**{¶ 14}** The issue narrows, therefore, to whether the question of compensation for periods preceding February 22, 1991 was specifically decided in the district hearing officer's July 19, 1991 order. The pivotal sentence in that order reads: "Periods of compensation preceding 02-22-91 are omitted since there is no documentation in file at this time." Kroger contends that "omitted" has the same meaning and effect as "denied." In support, Kroger argues:

"Webster's Ninth Collegiate Dictionary defines omit as 'to leave out or leave unmentioned, to fail to perform'; deny is defined as 'to refuse to grant.' Roget's International Thesaurus, Fourth Edition, indicates that the word 'reject' is synonymous with 'refuse' and 'deny'; and Roget's further finds the word 'exclude' to be synonymous with 'reject' and 'omit.' Thus, by 'omitting' compensation for

relevant periods, the Commission 'rejected' and 'refused to grant' (denied) compensation for the relevant period."

{¶ 15} It is initially apparent that "omit" and "deny" are semantically distinct—they simply have different meanings. In its attempt to equate the two words, Kroger resorts to a thesaurus to cobble together a loose chain of synonyms, an exercise which not only contorts the English language but also exposes the flaws in the argument. Using Kroger's highly selective method, the following argument could also be made. The word "omit" is synonymous with "pass over." Roget's International Thesaurus (4 Ed.1977) 404. "Pass over" is a synonym for "deliver." *Id.* at 642. "Deliver" is synonymous with "give out," *id.,* which is a synonym for "grant." *Id.* Thus, if we allowed ourselves to indulge Kroger's reasoning, we could actually find that granting compensation is tantamount to denying it.

{¶ 16} Nor can we accept that the prior order, in effect, constituted a denial of compensation for periods preceding February 22, 1991. Aside from the fact that the first order "omitted" rather than denied compensation for those periods, it did so "since there is no documentation in file at this time." It is unreasonable to conclude that a district hearing officer, experienced and well-trained in workers' compensation law, would choose to employ the terms "omitted" and "at this time" without contemplating future proceedings regarding those time periods. In any event, even if "this may have been what the commission meant, it is not what it said." *Peabody Coal Co., supra*, 66 Ohio St.3d at 643, 614 N.E.2d at 1047.

{¶ 17} As a result, we find that the May 18, 1992 order did not alter the earlier final order, and *res judicata* was not violated.

{¶ 18} Kroger also contends that the commission's May 18, 1992 reliance on Dr. Lochner's attending physician's questionnaire is improper, "as medical evidence once rejected cannot be later cited in support of an application," citing *State ex rel. Zamora v. Indus. Comm.* (1989), 45 Ohio St.3d 17, 543 N.E.2d 87. In a related argument, Kroger asserts that "the District Order of May 18, 1992, does

not comply with" *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, "because the 'A.P.Q.' report does not actually support the Commission reasoning, and no other specific evidence is cited."

{¶ 19} These arguments ignore the fact that the May 18, 1992 order was not limited to reliance on Dr. Lochner's August 29, 1989 attending physician's questionnaire. Instead, the order stated: "Findings based on medical *reports* of Dr. Lochner." (Emphasis added.) We have repeatedly held that such a reference to or identification of the medical evidence relied upon is sufficiently precise. *State ex rel. Ohio City Mfg. Co. v. Indus. Comm.* (1988), 40 Ohio St.3d 170, 172, 532 N.E.2d 748, 750; *State ex rel. Lucente v. Indus. Comm.* (1984), 15 Ohio St.3d 87, 89, 15 OBR 188, 190, 472 N.E.2d 718, 720; *State ex rel. Hutt v. Frick-Gallagher Mfg. Co.* (1984), 11 Ohio St.3d 184, 185, 11 OBR 497, 498, 464 N.E.2d 1005, 1006.

{¶ 20} Thus, even if the questionnaire were removed from evidentiary consideration, the commission's order is supported by Dr. Lochner's other reports.

{¶ 21} Last, Kroger proposes that R.C. 4123.52 prohibits the commission from awarding TTD compensation to claimant for a back period in excess of two years prior to the date claimant filed her second motion. Thus, Kroger argues, "[c]ompensation simply could not be considered prior to January 23, 1990." However, the relevant filing date for purposes of R.C. 4123.52 is April 30, 1991, the date that claimant initially applied for TTD compensation. See *State ex rel. Gen. Refractories Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 82, 541 N.E.2d 52.

{¶ 22} Thus, the commission did not abuse its discretion in awarding claimant TTD compensation for the period from November 21, 1989 to February 21, 1991.

{¶ 23} In light of the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment only.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

_____

**MOYER, C.J., dissenting.**

{¶ 24} I respectfully dissent because *res judicata* bars the claimant from entitlement to compensation for the period November 21, 1989 to February 21, 1991 when a prior order did not award compensation for that period.

{¶ 25} The majority relies upon *State ex rel. Peabody Coal Co. v. Indus. Comm.* (1993), 66 Ohio St.3d 639, 614 N.E.2d 1044, in determining that the award to the claimant here is not barred by *res judicata*. While the majority is correct in its quotation of that case, *Peabody* may be distinguished from the instant case on several grounds. First, in *Peabody*, the prior order specifically stated a procedure by which the claimant could request further temporary total disability compensation beyond the date stated in the order. *Id*. at 640, 614 N.E.2d at 1045. Therefore, it is reasonable to conclude that the district hearing officer did not consider the issue of claimant's temporary total disability compensation to be conclusively adjudicated. Here, by contrast, the issue does not involve an *additional* period for which compensation is sought. Compensation is sought here for the *same* period for which the claimant originally sought compensation in the prior order. In addition, the claimant in *Peabody* sought compensation in his second request to the Industrial Commission for an additional injury of "left ulnar neuropathy." *Id*. Here, the second motion filed by the claimant sought coverage for the same condition for which she sought compensation in the prior order.

{¶ 26} Finally, the defense of *res judicata* in *Peabody* was premised upon the argument that the prior order prohibited additional compensation without an additional medical examination and hearing. *Id*. at 643, 614 N.E.2d at 1047. No such issue exists in this case. Kroger raises the defense of *res judicata* here because,

as the majority states, the issue is whether the question of compensation for the period November 21, 1989 to February 21, 1991 was specifically decided in the prior order. While it is true, then, that *Peabody* considered the issue of *res judicata* within the context of temporary total disability cases, its principles cannot be squarely applied here. There is little doubt in *Peabody* that the prior order did not conclusively adjudicate the claim that was brought in the later proceeding. The order of the district hearing officer there expressly left open the question of the claimant's entitlement to future compensation. In addition, the later motion brought by the claimant sought compensation for an additional injury. Thus, we properly determined in *Peabody* that we could not apply the doctrine of *res judicata.* By contrast, the instant case presents a claim brought in a later proceeding for the same condition, and based primarily upon the same medical evidence as the decision rendered in the prior order. As the following analysis demonstrates, this case may be distinguished in that its facts support the application of *res judicata* to the claimant's second motion for compensation.

{¶ 27} For the doctrine of *res judicata* to apply, a valid, final judgment must have been rendered upon the merits. See 1 Restatement of the Law 2d, Judgments (1982), Section 24; see, also, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 229. Here, in the claimant's initial motion, she sought compensation for the period beginning on November 21, 1989. This request included the period November 21, 1989 to February 21, 1991. The decision of the district hearing officer denied the claimant compensation for any period prior to February 22, 1991. The claimant did not appeal this order administratively. Therefore, the decision by the district hearing officer on the first motion became a final judgment. That judgment included a determination of the request of the claimant for compensation from November 21, 1989 to February 21, 1991.

{¶ 28} We have stated that *res judicata* applies to administrative proceedings and will be applied where a party has "had an ample opportunity to

litigate the issues involved in the proceeding." See *Superior's Brand Meats, Inc. v. Lindley* (1980), 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996, syllabus. Here, the claimant had an opportunity to appeal the denial of compensation in the prior order for the period in dispute. She did not do so. Instead, she filed a second motion requesting compensation for the same period for which she was denied compensation in the prior order. The claimant here certainly "had an ample opportunity to litigate the issues involved in the proceeding." *Id*. Subsequent to the decision rendered by the district hearing officer, the claimant then was responsible for appealing any portion of the decision she considered adverse to her cause.

{¶ 29} Further, the analysis by the majority as to the word choice employed by the district hearing officer is not persuasive when the entire order is analyzed. The order stated that there was "no documentation in [the] file" to support an award for the period in dispute and that "[t]his order is based on the medical report(s) of Dr. Lochner." Regardless of the word choice used by the district hearing officer, a fair reading of the order compels the conclusion that there was no evidence to support an award for the period which was the subject of the claimant's later motion for compensation. By removing the responsibility from the claimant to appeal this judgment rendered adversely to her in the prior administrative proceeding, the majority has allowed the claimant, in effect, a second full bite of the apple.

{¶ 30} For the foregoing reasons, I respectfully dissent and would reverse the judgment of the court of appeals.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____