James R. Short ("Short") appeals from a judgment of the Darke County Court of Common Pleas, which dismissed with prejudice his complaint against his former wife, Alice (Short) Hinman ("Hinman"), for illegal internment.
In October 1963, the Shorts purchased three burial lots at Green Lawn Cemetery in the Village of Versailles, Ohio and buried their deceased infant son in one of the lots. On January 5, 1979, the Shorts received a decree dissolving their marriage from the Switzerland Superior Court in Indiana. In dissolving the marriage, the court neglected to divide the two remaining burial lots.
Hinman subsequently married Don Hinman. When he died in May 1993, Hinman buried him in the lot next to the infant son. On February 21, 1996, Lane A. Siekman, Short's attorney in Rising Sun, Indiana, sent a letter to Hinman instructing her to make immediate arrangements for removing her second husband's remains from the lot. Siekman stated that noncompliance with his demand would "lead to an immediate action against you in the Switzerland Circuit Court for a post-decree division of the plots."
Meanwhile, on June 14, 1996, Short filed a complaint in the Darke County Court of Common Pleas against Hinman for illegal internment. Short alleged that because he co-owned the burial lots, Hinman's acts of burying her second husband next to their infant son and erecting a Hinman tombstone with her name included had violated Ohio law. Short asserted that Hinman's conduct had caused him pain, suffering, emotional distress, and the loss of his burial space and his financial investment therein. He described Hinman's conduct as illegal, willful, negligent, reckless, wanton and willful, and done with malice aforethought. Short demanded $20,000 in compensatory damages and $50,000 in punitive damages. Hinman's answer, filed on June 24, 1996, denied Short's allegations and asserted several affirmative defenses.
In response to proceedings initiated by Short in Indiana, the Switzerland Superior Court conducted a hearing and on October 9, 1996, ordered that Hinman shall "have the ownership of said cemetery lot in which [her] second husband is interned and the said vacant lot" and that Short shall recover $220.00, the present value of one cemetery lot, from Hinman.
In her February 24, 1997 letter to the Darke County Court of Common Pleas, Hinman requested that the case be dismissed because the "Switzerland Superior Court, who had jurisdiction over the division of the property, has already decided the matter." Hinman enclosed a copy of the judgment and a copy of the $220.00 money order that she had given to Short in exchange for ownership of the burial lot. At the April 2, 1997 pretrial conference, the trial court construed Hinman's letter as a motion to dismiss and a motion for summary judgment. The trial court in Darke County granted the motion on April 15, 1997.
On appeal, Short assigns error to the trial court's order of summary judgment in favor of Hinman and its failure to notify him of and to record the April 2, 1997 proceedings.
"It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" National Amusements, Inc. v. City of Springdale
(1990), 53 Ohio St.3d 60, 62 (emphasis added), quoting Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69. Res judicata does not apply, however, to issues that were not "passed upon" or "conclusively decided" in the earlier proceeding. State ex rel.Kroger Co. v. Indus. Comm. (1998), 80 Ohio St.3d 649, 651, citingConsumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9,10; State ex rel. Crisp v. Indus. Comm. (1992), 64 Ohio St.3d 507,508.
Because the Switzerland Superior Court expressly ordered Short to convey one burial lot to Hinman in exchange for $220.00,res judicata applied to the issue of ownership of the burial lots. See Burnley v. Stevenson (1873), 24 Ohio St. 474, 479-480
(explaining that when a foreign state court having in personam
jurisdiction over the parties orders the conveyance of real property located in Ohio, that decree is entitled to res judicata
effect in an Ohio action). Thus, the trial court properly granted summary judgment to Hinman on the ownership issue.
Short's complaint also pleaded a cause of action in intentional and negligent infliction of emotional distress by alleging that Hinman had caused Short pain, suffering, and emotional distress. Res judicata did not apply to these claims because they had not been "passed upon" or "conclusively decided" by the Switzerland Superior Court. Moreover, summary judgment was inappropriate because Hinman had failed to satisfy the requirements of Civ.R. 56(C) in that she had not addressed these claims or produced evidence showing that no genuine issue of material fact existed on these claims. Thus, the allegations stated in Short's complaint were sufficient to establish that genuine issues regarding intentional and negligent infliction of emotional distress remained for trial. Civ.R. 56(E). The trial court, therefore, should not have granted summary judgment on these claims.
The first assignment of error is sustained. Because we will remand the case to the trial court for proceedings consistent with this opinion, we need not address Short's second and third assignments of error, which contend that the trial court erred in failing to notify him of the April 2, 1997 proceedings and in failing to record these proceedings. The assignments are overruled as moot.
The judgment will be reversed and the case will be remanded for further proceedings consistent with this opinion.
YOUNG, P.J. and FAIN, J., concur.
Copies mailed to:
James Short
Alice Short Hinman
Hon. Steve A. Yarbrough (by assignment)