OPINION
Plaintiff Cody Zeigler, Inc., appeal a judgment of the Municipal Court of Licking, Ohio, finding the principles of resjudicata barred appellant from bringing the present action, and dismissing appellant's complaint. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT, CODY ZEIGLER, INC., WAS PRECLUDED BY THE DOCTRINE OF RES JUDICATA FROM ASSERTING ITS BREACH OF CONTRACT CLAIM AGAINST DEFENDANT/APPELLEE.
 II. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S CLAIM FOR BREACH OF CONTRACT WAS A COMPULSORY COUNTERCLAIM THAT SHOULD HAVE BEEN ASSERTED IN A PREVIOUS DIVORCE ACTION, WHERE THE COURT DID NOT INDICATE, NOR MAKE ANY DETERMINATION THAT THE CLAIM FOR BREACH AROSE FROM THE SAME TRANSACTION OR OCCURRENCE AS THE DIVORCE, AND WHERE SUCH CONTRACT CLAIMS COULD NOT HAVE PROPERLY BEEN BROUGHT BEFORE THE DOMESTIC DIVISION.
The record indicates appellant Cody Zeigler, Inc., rendered various services to appellee Susie Zeigler DBA Susie's Dance Studio, allegedly in 1980 through 1990. Appellant alleges the value of the services was $4,249.81. Appellee made payments in 1990 and 1992, but a balance due remains of $2,248.81.
In 1992, appellee Susie Zeigler and Francis Don Zeigler entered into divorce proceedings. Francis Don Zeigler is a shareholder of Cody Zeigler, Inc., the appellant here, and appellant was joined as a party defendant by appellee for the purposes binding the corporation to a temporary restraining order to preserve the assets of the corporation. In 1994, the Franklin County Court of Common Pleas, Domestic Relations Division, issued a divorce decree, making a final determination on the marital issues. Nothing in the divorce decree pertained directly to appellant. In 1997, appellant commenced an action for breach of contract, to obtain the money due for the services rendered in 1988 through 1990.
The trial court found the doctrine of res judicata precluded appellant from maintaining the suit, because the court found the claims could have been raised and should have been raised in the divorce proceeding. The Licking County Municipal Court held the subject matter of the divorce proceeding was a determination,inter alia, of the apportionment of property, and appellant's breach of contract claim should have been asserted then.
 I
In its first assignment of error, appellant argues its claim cannot be barred by the principles of res judicata, because the domestic relations court is not a court of competent jurisdiction to hear claims for breach of contract not involving domestic relations. In State ex rel. Kroger Company v. IndustrialCommission of Ohio (1998), 80 Ohio St.3d 649, the Ohio Supreme Court held the principles of res judicata operate to preclude litigation on a point of law or fact at issue in a former action between the same parties and passed upon by a court of competent jurisdiction. The issue under consideration must have been conclusively decided in an earlier proceeding.
Here, appellant was joined in the previous divorce proceeding, in order to preserve its assets until the ownership and the distribution issues were final.
We agree with appellant the breach of contract claim did not arise out of the same operative facts as those which gave rise to the divorce. Thus the breach of contract claim was not appropriate for determination by the domestic relations court and is not barred by res judicata.
The first assignment of error is sustained.
 II
Appellant's second assignment of error argues the domestic relations court did not have jurisdiction over the breach of contract claim between a business joined as a party defendant for purposes of a temporary restraining order, and the business operated by appellee. Appellant points out it is only incidental to the contract that appellee and one of appellant's stockholders were married.
In the case of In Re: Dunn (1995), 101 Ohio App.3d 1, the Twelfth District Court of Appeals for Clinton County determined under what circumstances a domestic relations court has jurisdiction to determine a contract action. In Dunn, supra, the parties entered into a agreement, which contained two provisions previously adjudicated by the domestic relations court, and two provisions which had never been adjudicated there. The Clinton County Court of Appeals held because the matter had arisen in part out of appellant's obligations to pay child support and medical expenses, the matter was properly before the domestic relation's court's continuing jurisdiction. If the matter is not primarily a domestic relations matter, then the domestic relations court does not have jurisdiction under R.C. 3105.011, Dunn at 5, citations deleted.
We find the trial court erred because this matter should not and could not have been brought before the domestic relations court. The matter is outside of that court's limited jurisdiction.
The second assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with the opinion. Costs to appellee.