DECISION AND JOURNAL ENTRY
The City of Oberlin, through its building inspector Kenneth Klingshirn, appeals the decision of the Lorain County Court of Common Pleas, which dismissed as moot Oberlin's appeal of an administrative decision ordering Oberlin to grant Carol Graham boarding house permits on three residences. This court reverses.
 I.
In June 1998, appellee Carol Graham operated three boarding houses in Oberlin. On June 10, 1998, Ken Klingshirn, building official for the City of Oberlin ("the city") issued an adjudication order requiring Graham to comply with provisions of Cthe Ohio Basic Building Code ("OBBC") before the city would issue yearly occupancy permits for her three boarding houses. Graham appealed to the Ohio Board of Building Appeals, and on July 28, 1998, the Board reversed Klingshirn's order. The Board found that the OBBC did not apply to Graham's houses because they were pre-existing structures and because the equipment at issue did not pose a serious hazard. See OAC 4101:2-1-09(C)(2). The Board ordered the city to issue Graham "the appropriate certificate of occupancy."
The city appealed to the Lorain County Court of Common Pleas, arguing that the conditions of Graham's houses, especially the use of exterior rope ladders for emergency fire escape purposes, constituted a serious hazard. The case proceeded to a bench trial beginning on August 3, 1999. At the close of the city's case, the trial court affirmed the Board's decision as to certain safety items. The parties attempted to settle the issue of the fire ladders, but were unsuccessful. The trial was continued, but prior to the continuance date, Graham apparently decided it was too costly to litigate the appeal.
On October 26, 1999, Graham filed a document entitled "Admission and Stipulation of Appellee." The signed, unsworn stipulation stated that Graham would "not make application to use [two of the three] residences for rooming house purposes without permission of the City of Oberlin." At the same time, Graham filed a "Motion to Dismiss or to Consolidate." Graham's motion to dismiss stated that the appeal was rendered moot by the stipulation and by the fact that the city has conceded that Graham has complied with modifications Klingshirn ordered on the third residence. The motion also stated that there was another case pending in the trial court, as yet unlitigated.
The city opposed the motion to dismiss based on mootness, arguing that at any time Graham could file another application for a certificate of occupancy, and the issue would again need to be litigated. The city questioned the legal effect, if any, of Graham's "stipulation." The city also pointed out that Graham and others have filed a Federal civil rights suit against the city in the U.S. District Court for the Northern District of Ohio. On December 1, 1999, the trial court determined that the appeal was moot because the safety concerns had been rectified due to one of the following: (1) Graham's compliance; (2) judicial resolution against the city; and (3) Graham's withdrawal of her license application.
The city filed the instant appeal, assigning one error, namely the trial court's application of the mootness doctrine in dismissing the appeal.
 II.
The city offers three arguments in support of its assertion that the trial court erred in dismissing the de novo appeal because of mootness. This court finds that one of the three arguments is dispositive; thus, we will only address that issue.
The city argues is that upon dismissal of its appeal, the Board's decision will become res judicata both as to Graham and to future applicants similarly situated. The city argues that the Board's final order, requiring the city to issue the occupancy permits and determining that the conditions at Graham's houses are not serious hazards, will remain in effect. This court agrees.
First, we note that Graham's stipulation that she will "not make application to use of the residences for rooming house purposes without permission of the City of Oberlin" actually puts Graham in no different position than any other person seeking an occupancy permit from the city in the first instance. In addition, if Graham applies for a permit in the future, she can rely on the undisturbed decision of the Board that the disputed conditions at her houses do not constitute serious hazards that require application of OBBC.
"Res judicata operates `to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' This principle applies to proceedings before [an administrative agency] * * * [provided] the issue under consideration [has] been `passed upon' or `conclusively decided.'" (Internal citations omitted.) State ex. rel. Kroger Co. v.Industrial Comm. (1998), 80 Ohio St.3d 649, 651. See, also, State ex.rel. Bingham v. Riley (1966), 6 Ohio St.2d 263, 264.
The court's dismissal of the appeal denied the city an opportunity for full review of a matter that may be applied to the city through resjudicata. Consequently, this court finds that the trial court erred in dismissing the appeal on the basis of mootness. The city's assignment of error is sustained.
 III.
Having sustained the city's assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.