JOURNAL ENTRY and OPINION
Defendant-appellant Technicare Corporation appeals from the judgment entry of the Cuyahoga County Court of Common Pleas that dismissed appellant's appeal from a decision of the Industrial Commission ("IC") of Ohio. The IC ordered payment of worker's compensation temporary total disability benefits to claimant-appellee Laurie Quaint based upon an allowed condition of dysthymia.
In its sole assignment of error, appellant essentially asserts the trial court erred in determining it lacked jurisdiction to consider appellant's appeal. This court, however, concludes the trial court's determination was correct. Consequently, its decision is affirmed.
The record reflects appellee originally sustained an injury while working as an employee at appellant's facility on November 21, 1984. Appellee's subsequent claim to the IC for worker's compensation benefits for "back strain; herniated disc L5-S1 with sciatica and post lumbar laminectomy syndrome" was allowed.
In June 1989, appellee requested the IC to allow an additional claim for a psychiatric condition relating to the initial injury, viz., "dysthymic disorder with anxiety." This claim initially was allowed throughout the administrative process. Thereafter, appellant-employer successfully appealed the IC's decision to the common pleas court. Thus, in 1994, in accord with the court's order, the IC ultimately formally rejected appellant's additional claim for benefits for the dysthymic condition.
Four years later, in September 1998 appellee filed with the IC's district hearing officer a motion seeking again to have an additional allowance for the condition of "dysthymia." On November 17, 1998 the district hearing officer conducted a hearing on the motion. The record reflects appellant did not inform the district hearing officer that appellee's dysthymic condition had been disallowed in 1994. The district hearing officer granted appellee's motion.
Appellant appealed the foregoing decision. Once again, however, appellant apparently neglected to inform the staff hearing officer of the 1994 disallowance of appellee's additional claim. On December 28, 1998 the staff hearing officer affirmed the district hearing officer's decision to allow appellee's additional claim. Appellant thereafter filed no further administrative appeal of the decision.
On July 20, 1999 appellee filed a motion seeking temporary total disability benefits for the dysthymia. Two months after a partial hearing on appellee's motion, in January 2000, appellant filed a "position statement." Therein, appellant for the first time raised the issue of the IC's jurisdiction to allow any claim for benefits due to appellee's dysthymic condition.
The district hearing officer treated appellant's position statement as a motion for relief from judgment. Finding that since appellee's second claim for dysthymia improperly had been allowed, the district hearing officer denied appellee's claim for temporary total disability benefits, concluding the claim was barred by the doctrine of res judicata.
The staff hearing officer thereafter affirmed the district hearing officer's decision. Upon further consideration of appellee's subsequent appeal, however, the IC vacated the decision to deny appellee's claim. The IC found that appellant's defense of res judicata had been waived by appellant's failure to raise that issue at the time of the 1998 allowance of appellee's second claim for dysthymia. Thus, on June 16, 2000 the IC ordered temporary total disability benefits to be paid to appellee for the condition.
On August 17, 2000 appellant filed its appeal from the foregoing order in the court of common pleas. Appellant asserted the doctrine of resjudicata had deprived the IC of subject matter jurisdiction over appellee's 1998 claim for additional benefits, thus, the IC also lacked jurisdiction to issue the June 16, 2000 order.
Appellee moved to dismiss the case, arguing the IC's order involved the extent of her disability rather than her right to participate in the worker's compensation fund. Although appellant subsequently moved for summary judgment "as to all issues raised" in the case, the trial court ultimately dismissed appellant's appeal. The trial court's order of dismissal states:
 Res judicata would have applied to bar [appellee's] claim for dysthymia had [appellant] filed a timely appeal of the Industrial Commission's decision allowing this claim. However, in this case, [appellant] appeals only the Commission's latest decision regarding [appellee's] claim of temporary total disability and such appeals are not permitted pursuant to R.C. 4123.512. This Court does not have jurisdiction over this appeal and the case must be dismissed. Therefore, [appellee's] motion to dismiss is granted and [appellant's] motion for summary judgment is denied.
Appellant timely has filed its appeal in this court from the foregoing judgment entry. It presents the following as its sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS; FOUND THAT IT DID NOT HAVE JURISDICTION TO CONSIDER APPELLANT'S APPEAL OF A WORKERS' COMPENSATION MATTER; AND DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
Appellant argues it was entitled to judgment in its favor on appellee's claim for additional benefits. Appellant contends appellee's claim is barred by the doctrine of res judicata, asserting application of the doctrine prohibits the IC from ordering the payment of any benefits to appellee for dysthymia. This court, however, cannot agree with appellant's argument. Rather, it is appellant's appeal that is precluded by the doctrine of res judicata.
 Res judicata operates "to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." State ex rel. Kroger Co. v. Indus. Comm. (1988), 80 Ohio St.3d 649, 651, 687 N.E.2d 768, quoting Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9, 10, 475 N.E.2d 782.
* * *
 The doctrine of res judicata applies to administrative proceedings that are judicial in nature, including workers' compensation proceedings before the IC, where the parties have had ample opportunity to litigate the issues involved in the case. State ex rel. Kroger Co. v. Indus. Comm. (1988), 80 Ohio St.3d 649, 651, 687 N.E.2d 768; Set Products v. Bainbridge Twp. Bd. of Zoning Appeals
(1987), 31 Ohio St.3d 260, 263, 510 N.E.2d 373. Res judicata precludes relitigation of identical
worker's compensation claims conclusively decided in a valid, final judgment on the merits. See State ex rel. Crisp. v. Indus. Comm. (1992), 64 Ohio St.3d 507, 508, 597 N.E.2d 119; Greene v. Conrad,
1997 Ohio App. LEXIS 3714 (Aug. 21, 1997), Franklin App. No. 96APE12-1780, unreported. Res judicata does not apply if the issue is the claimant's physical condition or degree of disability at two entirely different times. State ex rel. B.O.C. Group v. Indus. Comm. (1991), 58 Ohio St.3d 199, 201, 569 N.E.2d 496.
Cooper v. Administrator, OBWC (May 30, 2000), Warren App. Nos. CA99-07-082, CA99-09-108, unreported. (Emphasis added.)
Res judicata, moreover, is an affirmative defense that must be raised at the appropriate time. See Civ.R. 8(C). Merely raising the defense does not divest the second tribunal of subject-matter jurisdiction over the case. State ex rel. Wilson-Simmons v. Lake County Sheriff's Dept. (1988), 82 Ohio St.3d 37, 40.
Subject matter jurisdiction of the IC and the trial court in this case, instead, is determined by R.C. 4123.511 and 4123.512. As the supreme court has stated:
 An order of the Industrial Commission, which
either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R.C. 4123.519, [now R.C 4123.512] may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance. Zavatsky v. Stringer
(1978), 56 Ohio St.2d 386, syllabus 1. (Emphasis added.)
The record in this case clearly reflects that, pursuant to R.C. 4123.511, on December 28, 1998 the IC allowed appellee's second claim for the dysthymic condition. The IC thus determined appellee had a "right to participate" in the worker's compensation fund for this impairment.
Appellant, however, neither raised the issue of res judicata during the R.C. 4123.511 proceedings nor continued to pursue its right to appeal the foregoing determination. "[D]ecisions reaching an employee's right to particpate in the worker's compensation system because of a specific injury * * * are appealable." Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, syllabus 1.
Conversely:
 Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.51[2]. (Afrates v. Lorain [1992], 63 Ohio St.3d 22, 584 N.E.2d 1175, followed.)
Id., syllabus 2; cited with approval, Thomas v. Conrad (1998),81 Ohio St.3d 475 at 478.
As a result of appellant's omissions during the consideration of appellee's second claim for the dysthymic condition, the IC's order of December 28, 1998 became final. Brown v. Mayfield (Apr. 10, 1987), Seneca App. No. 13-85-32, unreported; see also, Jackson v. St. Anthony Hosp. (Mar. 21, 1985), Franklin App. Nos. 84 AP-690, 84AP-692, unreported; cf., Greene v. Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780, unreported. The IC's subsequent order of June 16, 2000, therefore, the order from which appellant appealed, which granted appellee temporary total disability benefits for the dysthymic condition, was a determination only as to the extent of appellee's disability. Zavatskyv. Stringer, supra, at syllabus 2. Under these circumstances, the trial court correctly determined it lacked jurisdiction to consider appellant's appeal. Thomas v. Conrad, supra; Brown v. Mayfield, supra.
Therefore, since it lacked subject matter jurisdiction over appellant's appeal, the trial court did not err in granting appellee's motion to dismiss the proceedings and in denying appellant's motion for summary judgment.
Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE, L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J. CONCUR