OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Margaret Norman appeals from the February 7, 2003, Judgment Entry of the Muskingum County Court of Common Pleas which granted summary judgment in favor of defendant-appellee The Longaberger Company.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On or about June 13, 2000, appellant was employed by appellee The Longaberger Company as a small hand tool wood crafter. While in the course of and arising out of her employment on June 13, 2000, appellant tripped over a rug. Appellant fell backward hitting her head on a steel trough, and then landed below on a concrete floor. On June 23, 2000, appellant filed an application for workers' compensation benefits. This claim was recognized for the following injuries: sprain of the neck, thoracic sprain, lumbar sprain.
 {¶ 3} On May 9, 2001, appellant filed a motion with the Industrial Commission of Ohio asking that her claim be additionally allowed for right and left C6-7 radiculopathy and cervical herniated discs at C5-6 and C6-7. The motion was supported by reports, including a report by Dr. Mavian, dated September 28, 2000. In that report, Dr. Mavian diagnosed disc herniations at C5-6 and C6-7, based on an August 4, 2000, MRI.
 {¶ 4} On June 19, 2001, the motion was heard by a District Hearing Officer of the Industrial Commission who allowed the claim for right and left C6-7 radiculopathy but denied the claim to allow for disc herniations. The District Hearing Officer found that there was not sufficient evidence to allow for disc herniations.
 {¶ 5} Appellant appealed the District Hearing Officer's decision and on July 30, 2001, the appeal was heard by a Staff Hearing Officer of the Industrial Commission. The Staff Hearing Officer affirmed the District Hearing Officer's decision on August 1, 2001. Appellant's appeal to the Industrial Commission was refused on August 13, 2001. Appellant did not appeal to the Court of Common Pleas.
 {¶ 6} On October 22, 2001, appellant filed a new motion with the Industrial Commission asking that a claim be allowed for degenerative disc disease at C5-6 and C6-7 and for disc protrusions at C5-6 and C6-7. The motion was supported by a September 24, 2001, report of Dr. Mavian and the MRI report dated August 4, 2000. In Dr. Mavian's report, Dr. Mavian opined that the word protrusion is interchangeable with disc herniation or rupture of a disc.
 {¶ 7} On December 4, 2001, the new motion was heard by a District Hearing Officer. The District Hearing Officer granted appellant's motion on December 7, 2001.
 {¶ 8} The Longaberger Company appealed. The appeal was heard by a Staff Hearing Officer. The Staff Hearing Officer partially granted Longaberger's appeal, finding that the allowance for the disc protrusions at C5-6 and C6-7 was barred by res judicata. The Staff Hearing Officer made the following findings:
 {¶ 9} "It is noted that per District Hearing Officer order date 6/19/2001, this claim was denied for cervical herniated discs at C5-6 and C6-7. This order was affirmed on appeal. Subsequently, the claimant filed a motion to additionally allow disc protrusion at C5-6 and C6-7. In support of this motion, the claimant submitted a 9/24/2001 report from Dr. Mavian. In that report Dr. Mavian explained that the word protrusion is interchangeable with disc herniation or rupture of disc. Therefore, it is found that based on Dr. Mavian's 9/24/2001 report that for purposes of this order the terms herniated (disc) and protrusion (disc) are the same, that is, they mean the same thing."
 {¶ 10} "Because cervical herniated discs at C5-6 and C6-7 have been denied, and the claimant is now requesting disc protrusion at C5-6 and C6-7, with the term protrusion meaning exactly the same as the previously denied herniated disc conditions, the doctrine of res judicata is called into play.
 {¶ 11} "Res judicata is the doctrine that states a final determination on the merits is conclusive as to the rights of the parties, and such determination constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.
 {¶ 12} "Consequently, based on the prior final denial of herniated discs at C5-6 and C6-7, and being that the requested disc protrusion at C5-6 and C6-7 involves the same parties and same issues (per Dr. Mavian's 9/24/2001 report), res judicata would bar a merit ruling as to the requested disc protrusion at C5-6 and C6-7." Staff Hearing Officer's Decision on January 14, 2002.
 {¶ 13} Appellant's appeal to the Industrial Commission was rejected. Thereafter, appellant filed a notice of appeal and complaint in the Muskingum County Court of Common Pleas [hereinafter trial court].
 {¶ 14} On November 1, 2002, The Longaberger Company filed a motion for summary judgment. On February 7, 2003, the trial court granted summary judgment in The Longaberger Company's favor based on the doctrine of res judicata.
 {¶ 15} It is from that grant of summary judgment that appellant appeals, raising the following sole assignment of error:
 {¶ 16} "The Muskingum County Common Pleas Court erred when in granted appellee Longaberger Company's Motion for Summary Judgment."
 {¶ 17} In her sole assignment of error, appellant argues that the trial court erred when it granted summary judgment in favor of appellee. We disagree.
 {¶ 18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Thus, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed.
 {¶ 19} It is pursuant to this standard that we review appellant's assignment of error.
 {¶ 20} The doctrine of res judicata applies to administrative proceedings that are judicial in nature and where the parties have had sufficient opportunity to litigate the issues involved in the proceeding. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226; Gibson v. BarmetAluminum Corp., Tuscarawas App. No. 2000AP01 0006. That doctrine consists of two different but related legal concepts — claim preclusion and issue preclusion. Id. The doctrine of issue preclusion, which is also known as collateral estoppel, "holds that a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Ft. Frye Teachers Assn., OEA/NEA v. State Emp.Relations Bd. (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140. In turn, the doctrine of claim preclusion, which is also known as estoppel by judgment, provides that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava, supra, at syllabus. In regard to workers' compensation, an administrative decision of a worker's claim is deemed final and binding if a party fails to appeal the decision pursuant to the Workers' Compensation Act. State ex rel. Crisp v. Indus. Comm.,64 Ohio St.3d 507, 508, 1992-Ohio-128, 597 N.E.2d 119.
 {¶ 21} We find that the trial court did not err in granting The Longaberger Company's motion for summary judgment. Appellant's claim for disc protrusions at C5-6 and C6-7 was barred by the doctrine of res judicata.
 {¶ 22} Appellant initially sought an allowance in her workers' compensation claim for disc herniations at C5-6 and C6-7. The motion was based on the September 28, 2000, report of Dr. Mavian and the August 4, 2000, MRI report. That motion was ultimately denied by the August 13, 2001, decision of the Industrial Commission.[1] The claim was apparently denied because the District Hearing Officer found there was a conflict within Dr. Mavian's report in which Dr. Mavian found disc protrusions in the body of his report but found herniations in his conclusion and because a report from a different doctor found no herniations. The decision denying the allowance became final when appellant did not file an appeal in the Common Pleas Court.
 {¶ 23} Instead of appealing that decision to the Common Pleas Court, appellant filed a new motion to have her claim additionally allowed for disc protrusions at C5-6 and C6-7 relying on the same MRI report upon which she had relied previously. In addition, she filed a new report from Dr. Mavian dated September 24, 2001, which clarified Dr. Mavian's previously rendered opinion by stating that, in his opinion, disc protrusions and disc herniations were the same thing. (It is important to note here that the appeal of the disc herniation claim was refused by the Industrial Commission on August 13, 2001, and the new motion, asking for a claim to be allowed for disc protrusion, was filed on October 22, 2002.)
 {¶ 24} The evidence that was presented by appellant to the Industrial Commission in support of her claim for an allowance for disc protrusions was either introduced into the evidence of record during the administrative hearings on the disc herniation allowances or, at the very least, should have been introduced into evidence at that time.
 {¶ 25} Thus, res judicata applies to bar Appellant's claim that her workers' compensation claim should be additionally allowed for the conditions of disc protrusions at the C5-6 and C6-7 levels of the cervical spine. The parties to each proceeding before the Industrial Commission were the same and the issues were identical in both proceedings. See Cole v. Complete AutoTransit, Inc. (1997), 119 Ohio App.3d 771, 777, 696 N.E.2d 289. The plaintiff, in each proceeding, was filing to have a claim allowed for the same injury, and was relying on a report from Dr. Mavian which was based on the same MRI in each proceeding. The reports from Dr. Mavian in each proceeding were only different from one another in the following way. In the second report, it appears that Dr. Mavian tried to respond to the District Hearing Officer's finding that there was a conflict within Dr. Mavian's report in that the body of the report referred to a protrusion but the conclusion of the report referred to a herniation. Dr. Mavian's second report indicated that those terms, as well as the term rupture of a disc, all had the same meaning. The plaintiff could have, and should have, obtained this second report from Dr. Mavian immediately after the District Hearing Officer turned down plaintiff's claim for disc herniation. This second report should have been submitted as a clarification to the first Dr. Mavian report during the appeals process of the disc herniation denial.
 {¶ 26} Based on the foregoing, there was no genuine issue of material fact before the trial court as to whether Appellant could have or should have argued, based on Dr. Mavian's report, that disc protrusions and disc herniations were one and the same thing during Appellant's efforts to pursue an allowance for disc herniations before the Industrial Commission. When she failed to do so, the Industrial Commission properly found her efforts to relitigate this issue were barred by res judicata and the trial court properly upheld that decision."[2]
 {¶ 27} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 28} The judgment of the Muskingum County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] This decision was preceded by the June 22, 2001, decision of the Commission's district hearing officer and the July 30, 2001, decision of the Commission's staff hearing officer, both of which denied the claim for disc herniations at C5-6 and C6-7.
[2] This Court makes no finding as to whether a herniation is the same as a protrusion. This decision is based solely upon appellant's own doctor's assertion that they are the same. We note that a review of the International Classification ofDiseases, 9th Ed. (2001), refers one to the same code (722.2) for a protrusion or a herniation in regard to intervertebral discs.