JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry is not an opinion of the court under S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Ronald Yauger appeals the grant of summary judgment in favor of defendants-appellees Administrator, Bureau of Workers' Compensation, and Eastern Sheet Metal, Inc. We reverse.
Yauger sustained an injury while working at Eastern in October 2000. He filed a claim with the Bureau to allow him to participate in workers' compensation programs for problems with his neck. On February 13, 2002, Yauger filed a claim for injuries to his shoulder that related to his accident. On February 18, 2002, Yauger filed another claim for other injuries to the same shoulder, including "impingement syndrome left shoulder, AC meniscus tear left shoulder, and undersurface rotator cuff tear of the left shoulder."
The Industrial Commission heard both claims on the same day, but granted only the February 13 claim. Yauger did not appeal this decision. In denying the February 18 claim, the officer at the hearing relied on the medical reviews of Dr. John Cunningham, Dr. John Turba, and several other doctors.
Less than two weeks after his February 18 claim was denied, Yauger saw Dr. Turba for treatment of his shoulder injuries allowed in the February 13 claim. Dr. Turba operated on the shoulder. After examining Yauger's shoulder from the inside, Dr. Turba wrote an operative report concluding that Yauger suffered from impingement syndrome, undersurface tearing of the rotator cuff, and ankylosis syndrome of the left shoulder. The report also stated that the injury was directly and causally related to Yauger's initial injury.
Yauger then filed another claim seeking to participate in the workers' compensation fund for the conditions listed in Dr. Turba's report. A hearing officer of the Industrial Commission denied Yauger's claim, concluding that the conditions had been specifically denied for the February 18 claim, and that the new claim was barred by res judicata. The officer stated that the previous order had relied on Dr. Cunningham's report. Yauger then appealed to the Industrial Commission, which refused further appeal on res-judicata grounds.
Undeterred, Yauger sued the Bureau and Eastern in the common pleas court. The Bureau moved for summary judgment, claiming that Yauger's claims were barred by res judicata. The trial court granted the Bureau's motion. On appeal, Yauger now claims only that the trial court erred in granting summary judgment on res-judicata grounds.
We review summary-judgment determinations de novo, without deference to the trial court's ruling.[1] Summary judgment is appropriately granted when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can only come to a conclusion adverse to the non-moving party when viewing the evidence in the light most favorable to the non-moving party.[2]
Res judicata precludes the relitigation of a point of law or fact that was at issue in a previous action between the same parties.[3] It applies both to defenses that were considered and determined and to defenses that could have been considered.[4] This principle also applies to administrative hearings such as those before the Industrial Commission.[5]
The Industrial Commission retains continuing jurisdiction over cases where one of five conditions exists: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal.[6] Because of this continuing jurisdiction, the defense of res judicata has only limited application to workers' compensation cases.[7] But it does preclude the relitigation of identical workers' compensation claims fully decided in a valid, final judgment on the merits.[8]
The decision to deny Yauger's February 18 claim had been supported by medical evidence. But Dr. Turba's report — based on his observations while actually looking at Yauger's shoulder — was more reliable than any report based simply on a description of the symptoms or on an MRI. Had this claim occurred a year later, Yauger would have been permitted to introduce the new evidence. But because it was so temporally close to his original claim, the Bureau and Eastern could make a stronger claim that res judicata applied.
Even though Dr. Cunningham's report specifically stated that there was no evidence of a causal relationship between the requested conditions and the industrial accident, Dr. Cunningham never saw Dr. Turba's report. Perhaps Dr. Turba's report would have had no effect on Dr. Cunningham's opinion regarding causation. But Dr. Turba's examination and the report constituted new and changed circumstances. Yauger was therefore entitled at least to have a hearing on the matter.
This case is distinguishable from Cooper v. Administrator, Bureau ofWorkers' Compensation.[9] There, Cooper had filed two claims for the same injury. The initial claim had been denied based on certain medical reports. And the second claim was denied on res-judicata grounds. The key difference between Cooper and the present case is that Yauger actually had another in-depth examination. And that examination resulted in a report that supported his claim.
The trial court should not have granted summary judgment against Yauger. We sustain his sole assignment of error, reverse the trial court's judgment, and remand this case for further proceedings.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] See Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186,738 N.E.2d 1243.
[2] Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
[3] See Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9,475 N.E.2d 782.
[4] See State ex rel. Moore v. Indus. Comm. (1943), 141 Ohio St. 241,47 N.E.2d 767.
[5] See State ex rel. B.O.C. Group, General Motors Corp. v. Indus.Comm. (1990), 58 Ohio St.3d 199, 569 N.E.2d 496.
[6] State ex rel. Nickles v. Indus. Comm., 81 Ohio St.3d 454,1998-Ohio-616, 692 N.E.2d 188.
[7] State ex rel. B.O.C. Group, General Motors Corp. v. Indus.Comm. (1990), 58 Ohio St.3d 199, 569 N.E.2d 496.
[8] See State ex rel. Crisp v. Indus. Comm., 64 Ohio St.3d 507,1992-Ohio-128, 597 N.E.2d 119.
[9] (May 30, 2002), 12th Dist. Nos. CA99-07-082 and CA99-09-108.