This case is not about the sacredness of the jury process. This case concerns the integrity of the judicial process.
The majority essentially holds that a person — (1) who is properly discharged for filing a fraudulent workers' compensation claim; (2) who attempts to pursue a baseless retaliatory discharge claim, which claim was denied by two courts (including this court) because he was discharged for making a fraudulent workers' compensation claim; and (3) who has that fraudulent workers' compensation claim denied by the Bureau of Workers' Compensation because it was fraudulent — is somehow entitled to still pursue a de novo trial of such fraudulent workers' compensation claim. From that decision, I must respectfully dissent.
The majority opines that "[t]he only issue before the court of common pleas is the right of the claimant to participate or continue to participate in the Workers' Compensation Fund." The majority further opines that "Appellant has the right to present new evidence or issues to the trial court, which were not considered by the arbitrator."
The majority's analysis in this case is perplexing. Appellant John Hapgood claims that he was injured when he stepped off a fire truck on or about January 2, 1993. This factual predicate has been found to befraudulent by an arbitrator and two courts, including this court. Simply stated, the underlying injury claim supporting appellant's discharge arbitration, retaliatory discharge claim and workers' compensation action is the same fraudulent injury claim, which under the circumstances, isnot a bona fide injury claim.
Appellant has no right to participate or continue to participate in the Workers' Compensation Fund for the purpose of pursuing an already adjudicated fraudulent claim. Presenting new evidence consistent with the previous fraud rulings simply perpetuates appellant's previous fraudulent misconduct. Presenting new evidence alleging a new, different cause for appellant's January 2, 1993 back injury, inconsistent with his previous claims, would constitute the perpetration of a new fraud on the court. No claimant has a right to pursue or commit fraud on a tribunal.
The general principle of a separate statutory action is still subject to the summary judgment process when, as in this case, the fraudulent nature of the claimed January 2, 1993 back injury has been determined to be fraudulent, not only by an arbitrator, but by two courts, including this court. While appellant may have a back injury, his claim that it was caused by stepping off a fire truck on January 2, 1993, has been adjudicated to be fraudulent in several previous proceedings. While summary judgment will prevent the trial de novo in this case as sought by the majority, that is the precise purpose of summary judgment. There is no reason to ask a jury to consider whether appellant's January, 1993 back injury claim is fraudulent, when that very issue has been decided multiple times.
In this case, the fact that appellant is attempting to use his previously adjudicated fraudulent claim to seek workers' compensation benefits has legal significance — it is called collateral estoppel.
The majority's approach could lead to the incongruous result whereby appellant was properly fired for making a fraudulent work-related injury claim, yet still receives state workers' compensation benefits for that same fraudulent claim. Preventing such illogical and inconsistent rulings is the very function of the doctrine of collateral estoppel and the purpose for which we have summary judgment.
In his sole assignment of error, appellant contends the trial court erred in determining collateral estoppel barred him from participating in the workers' compensation fund. Appellant asserts that the elements of collateral estoppel have not been met. First, appellant claims the parties are not identical because the Bureau of Workers' Compensation and the Industrial Commission were not parties to the earlier actions. Appellant further argues that the same facts needed to determine his right to participate in the workers' compensation fund are not the same as were necessary for the resolution of the retaliatory discharge cause of action or the wrongful termination pursuant to a collective bargaining agreement. Appellant maintains the issues are not identical.
A valid final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. ParkmanTwp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Res judicata will bar all subsequent actions that arise out of the same common nucleus of operative facts that were the subject of the previous litigation, even if the subsequent action relies on different claims, grounds, or theories for relief. Id. at 382. The doctrine of res judicata applies to administrative proceedings that are judicial in nature, including workers' compensation hearings before the Industrial Commission. State exrel. Kroger Co. v. Indus. Comm. of Ohio, 80 Ohio St.3d 649,1998-Ohio-174.
The collateral estoppel branch of res judicata dictates that material facts or questions at issue in an earlier suit, which were judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment so far as the parties to that action are concerned. Goodsonv. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 195.
For collateral estoppel to apply, the identical issue actually determined in the previous case must be present in the subsequent action. Hapgood v. Warren (Oct. 25, 1996), 11th Dist. No. 95-T-5355, 1996 Ohio App. Lexis 4684. Appellant's primary contention is that the issue before the court of common pleas was whether he had the right to participate in the workers' compensation fund and not whether he falsified that claim. Appellant argues the previous determination that his employment was not terminated in retaliation for filing a workers' compensation fund or that he was fired for just cause under the collective bargaining agreement differs from the issue presented here.
The scope of a retaliatory discharge cause of action is limited to the employee proving his or her termination was in direct response to the filing of a workers' compensation claim. See Stevenson v. Pace Eng.,Inc. (Nov. 4, 1994), 11th Dist. No. 93-L-165, 1994 Ohio App. LEXIS 4980. In Hapgood, supra, this court determined appellant was estopped from bringing a retaliatory discharge claim because the arbitrator had determined appellant falsified his workers' compensation claim. The court stated that the issues and facts of both cases were sufficiently intertwined to require the application of the doctrine of collateral estoppel. The facts pertinent to appellant's retaliatory discharge claim were the same facts that the arbitrator considered. This court noted that the actions involved the same subject matter of the falsified workers' compensation claim.
Appellant submits that whether he filed a false workers' compensation claim does not conclusively preclude his participation in the workers' compensation fund, but might be considered in assessing his credibility. Appellant argues he has the right to present evidence regarding any injury he may have suffered as a result of his employment, perhaps even involving a different injury date or location. Appellant ignores the fact that his application for workers' compensation stated he was injured in January of 1993 when stepping off a fire truck. This is exactly the sameclaim upon which the other litigation was premised. Appellant's workers' compensation claim involved the same back injury appellant previously, and repeatedly, had stated was not work-related. There is no evidence of any additional injury.
Whether an employee has filed a fraudulent claim or has been discharged for that misdeed may not be relevant to determining whether that employee has been injured. But those determinations are extremely relevant to the determination as to the cause of such injury. Where, as in this case, the cause of the injury has been determined not to be work related, summary judgment is warranted. In this case, the trial judge correctly made that call.
Appellant has had more than one day in court in pursuit of his fraudulent claim. No one should be entitled to participate or continue to participate in the commission of fraud on the court.
For these reasons, I would affirm the trial court's ruling.