DECISION
{¶ 1} Relator, General Electric Company, has filed an original action requesting this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting respondent, Peter J. Strassel ("claimant"), an additional award of compensation pursuant to R.C. 4123.47 after finding that claimant suffered the loss of two or more fingers by amputation or ankylosis, and that the nature of claimant's employment was such that the handicap or disability exceeded the normal handicap or disability resulting from the loss or loss of use of fingers.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator essentially raises the same arguments that were considered and rejected by the magistrate. Relator argues that the magistrate erred in finding that the settlement agreement at issue did not preclude further loss of use compensation. However, we agree with the magistrate that the commission did not abuse its discretion in determining that the settlement agreement pertained only to claimant's award for the scheduled loss of specific fingers or portions thereof at the time that agreement was entered, and that the agreement does not state that claimant is barred from a loss of use award he may have in the future. Further, the affidavits submitted by claimant provided some evidence upon which the commission could have concluded that claimant's disability exceeds the normal handicap resulting from the loss of two or more fingers. Finally, we find no error with the magistrate's determination that the commission did not abuse its discretion in failing to reconsider the issue of the effect of the settlement agreement and release where the parties had the opportunity to litigate that issue during the first set of hearings before the district hearing officer and staff hearing officer.
 {¶ 4} Based upon a review of the magistrate's decision, as well as an independent review of the record, this court adopts the magistrate's decision as its own. Relator's objections are overruled, and the requested writ of mandamus is denied.
Objections overruled;writ of mandamus denied.
BOWMAN and KLATT, JJ., concur.
 IN MANDAMUS {¶ 5} Relator, General Electric Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted respondent Peter J. Strassel ("claimant") an additional award of compensation under R.C. 4123.47 after finding that claimant suffered the loss of two or more fingers by amputation or ankylosis and that the nature of claimant's employment at the time he was injured was such that the handicap or disability exceeded the normal handicap or disability resulting from the loss or loss of use of fingers. Relator argues that the commission should be ordered to find that claimant is not entitled to this additional award.
Findings of Fact:
 {¶ 6} 1. On June 3, 1996, claimant suffered a work-related injury and his claim has been allowed for: "Loss by amputation of 1/3 of the left long finger; all of the left ring finger; and all of the left little finger."
 {¶ 7} 2. On June 30, 1997, relator and claimant entered into a settlement agreement which provided, in pertinent part, as follows:
 {¶ 8} "* * * The claimant will accept the TWENTY TWO THOUSAND, NINE HUNDRED NINETY FIVE DOLLARS AND NO/100 ($22,995.00) in full satisfaction, release, and discharge of his scheduled award only which the claimant had or may now have against General Electric, its officers, employees, agents, representatives, successors and assigns; the Industrial Commission of Ohio; the Bureau of Workers' Compensation; and the State Insurance Fund for scheduled awarded for loss of 1/3 portion of his 2nd left finger, loss of 2/3 portion or all of his 3rd left finger and loss of 2/3 portion or all of his 4th left finger under R.C. 4123.57. * * *"
 {¶ 9} 3. On April 12, 2001, claimant filed a C-86 motion requesting that he be awarded compensation for the total loss of use of his left hand based upon the fact that he performs maintenance work, and a loss of fingers and the type of his work means that his disability is greater than that of a person who is not engaged in such work.
 {¶ 10} 4. Claimant's motion was heard before a district hearing officer ("DHO") on July 13, 2001. The DHO concluded that the settlement agreement did not bar claimant's motion seeking an award for loss of use. However, the DHO concluded that claimant had not met his burden of proving that he had sustained a loss of two or more fingers.
 {¶ 11} 5. Relator filed an appeal from the DHO order and the matter was heard before a staff hearing officer ("SHO") on September 18, 2001. The SHO concluded that the settlement agreement pertained only to claimant's award for a scheduled loss of specific fingers or portions thereof pursuant to R.C. 4123.57 and referred the matter to a DHO to clarify the allowed conditions and to determine claimant's motion for the loss of his left hand.
 {¶ 12} 6. Relator's appeal of the SHO order was refused by order of the commission mailed October 16, 2001.
 {¶ 13} 7. Relator's request for further reconsideration was denied by order of the commission mailed November 15, 2001.
 {¶ 14} 8. A hearing was held before a second DHO on October 24, 2001, and resulted in an order denying claimant's claim for loss of use on the basis that claimant did not demonstrate that the loss exceeded the normal handicap.
 {¶ 15} 9. Claimant appealed and submitted additional evidence in the form of statements from two employees, Jim Eveland and Roy Mohler, who both worked for relator and who both worked on the machine which claimant was working on when he was injured. Both men stated that the job claimant was doing when he was injured requires far more manual dexterity than the job claimant is currently performing.
 {¶ 16} 10. The SHO granted claimant's motion as follows:
 {¶ 17} "The claimant is found to meet the requirements for an additional award under O.R.C. 4123.57(C) as he has lost more than 2 fingers of the left hand by way of amputation. Further, per the claimant's testimony, one of the reasons he was unable to return to his former job after the injury is because it requires scooping cement with 2 hands and he was no longer able to do this with his left hand due to the injury. This requirement is supported by the affidavits of Mr. Mohler Mr. Eveland. This inability to return to the former job is found to show a disability that exceeds the normal handicap resulting from the loss of 2 or more fingers.
 {¶ 18} "The claimant has lost just under 2 and 1/2 half of his fingers. Because of this an award for just under 2 1/2 of the whole hand is found to be justified. A total loss of use of the hand has a maximum award of 175 weeks. Just under 1/2 of 175 weeks would be 85 weeks. The claimant has already received an award for loss of 2 and 1/3rd fingers totallying [sic] 45 weeks. Therefore, a further award of 40 weeks is granted under O.R.C. 4123.57 for a disability exceeding the normal for such a loss of 2 and 1/3rd fingers. (85 — 45 = 40).
 {¶ 19} "In all other respects the order of the District Hearing Officer is affirmed. The claim is found to have been recognized for loss of all of the left ring little fingers by way of amputation, and loss of one-third of the left long finger by way of amputation. This decision is based first on the findings and reasons noted in the District Hearing Officer order. This decision is also based on the original 06/13/1996 C-50. On this C-50 the employer certified the claim for amputation of the 4th and 5th digits. Nowhere does this form indicate that the claim was only certified for two-thirds of these two fingers. On this basis also it is found the employer certified the claim for a total amputation of the 4th (ring) and 5th (little) fingers of the left hand."
 {¶ 20} 11. Both relator and claimant appealed and their appeals were denied by order of the commission mailed March 1, 2002.
 {¶ 21} 12. Relator's request for reconsideration was denied by order of the commission mailed June 27, 2002.
 {¶ 22} 13. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 24} Relator contends that claimant was precluded from seeking any further awards of compensation for his injuries based upon the settlement agreement. However, in its brief, when relator quotes from the settlement agreement, relator does not accurately quote that agreement. Relator states that the agreement provided that claimant accept the money in full satisfaction of his scheduled award only which the claimant "had or may have" against relator. However, as provided in the findings of fact, the settlement agreement actually reads as follows:
 {¶ 25} "* * * The claimant will accept the TWENTY TWO THOUSAND, NINE HUNDRED NINETY FIVE DOLLARS AND NO/100 ($22,995.00) in full satisfaction, release, and discharge of his scheduled award only which the claimant had or may now have against General Electric * * *." (Emphasis added.)
 {¶ 26} In reviewing the settlement agreement and the commission's order, this magistrate finds that the commission did not abuse its discretion in concluding that the settlement agreement pertained only to claimant's awards for the scheduled loss of specific fingers or portions thereof under R.C. 4123.57 at the time that the settlement agreement was entered into. Contrary to relator's arguments, the settlement agreement does not state that claimant is barred from a loss of use award which he may have in the future. As such, the commission did not abuse its discretion in awarding an additional 40 weeks of compensation.
 {¶ 27} Relator also contends that the commission abused its discretion in finding that relator was entitled to the loss award granted by the commission. However, this magistrate disagrees. R.C. 4123.57
provides, in pertinent part, as follows:
 {¶ 28} "If the claimant has suffered the loss of two or more fingers by amputation or ankylosis and the nature of the claimant's employment in the course of which the claimant was working at the time of the injury or occupational disease is such that the handicap or disability resulting from the loss of fingers, or loss of use of fingers, exceeds the normal handicap or disability resulting from the loss of fingers, or loss of use of fingers, the administrator may take that fact into consideration and increase the award of compensation accordingly, but the award made shall not exceed the amount of compensation for loss of a hand."
 {¶ 29} The commission specifically relied upon the affidavits of Eveland and Mohler and concluded that claimant's inability to return to the former job shows that his disability exceeds the normal handicap resulted from the loss of two or more fingers. Clearly, there is some evidence in the record to support this conclusion and this magistrate finds that the commission did not abuse its discretion in so finding.
 {¶ 30} Relator also contends that the commission abused its discretion by not permitting counsel to again reargue that claimant's claim was barred by the settlement agreement. However, there were only two specific issues before the DHO and then the SHO following the September 18, 2001 SHO order. Those issues included the clarifying of the allowed conditions and addressing the merits of claimant's motion for a scheduled loss/loss of use. The SHO had already concluded that the settlement agreement signed by the parties in June 1997 did not preclude consideration of claimant's motion for loss of left hand. Further appeal by relator was refused and further request for reconsideration was denied.
 {¶ 31} Relator cites several cases for the proposition that the argument before the DHO in October 2001 was de novo and that the commission abused its discretion and erred by precluding counsel from arguing the issue of the settlement agreement. However, none of the cases cited by relator involved the commission and they have no application to the present case. In the present case, the issue of the settlement agreement had already been determined by the initial DHO and SHO orders and the issues before the second DHO and SHO had specifically been limited by commission order. Res judicata precludes relitigating a point of law or fact which was at issue in a former action involving the same parties and decided by a court of competent jurisdiction. State ex rel. Kroger Co. v. Indus. Comm. (1998), 80 Ohio St.3d 649. This magistrate finds that the commission properly determined that the issue of the settlement agreement was res judicata and this argument of relator fails.
 {¶ 32} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion by awarding claimant loss of use of his hand pursuant to R.C. 4123.57 and this court should deny relator's request for a writ of mandamus.