MARINKOVIC, Appellant,

v.

DIVERSIFIED INVENTORY SOLUTION, INC. et al., Appellees.*

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20648.

Decided Feb. 6, 2002.

---

* Reporter's Note: An appeal to the Supreme Court of Ohio was not allowed in 95 Ohio St.3d 1477, 2002-Ohio-2494, 768 N.E.2d 1184.

Dean R. Wagner and John R. Marconi, for appellant.

Betty D. Montgomery, Attorney General, and Nancy Q. Walker, Assistant Attorney General, Corrections Litigation Section, for appellees.

---

SLABY, Presiding Judge.

{¶ 1} Appellant, Rada Marinkovic, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment to appellees, Diversified Inventory Solution, Inc. ("Diversified"), and the Ohio Bureau of Workers' Compensation ("BWC"). We affirm.

{¶ 2} On February 2, 2000, appellant filed an application for payment of compensation and medical benefits with the BWC after allegedly sustaining injuries to her lower back, right hip, and right ankle during the course and scope of her employment with Diversified. The BWC denied appellant's application for payment of compensation and medical benefits on March 2, 2000, and stated that an appeal not received within 14 days is final. Neither appellant nor Diversified appealed the BWC's order. However, on April 10, 2000, appellant moved for reconsideration of her application in light of the decision in *Greene v. Conrad* (Aug. 21, 1997), Franklin App. No. 96APE12–1780, 1997 WL 476703. The BWC referred her motion for reconsideration to the Industrial Commission of Ohio ("IC").

{¶ 3} The district hearing officer of the IC determined that appellant's claim was not similar to *Greene* and, therefore, found that the BWC's decision, on March 2, 2000, constituted the final adjudication of the issue. Following the district hearing officer's decision, appellant appealed the decision to an IC staff hearing officer. The staff hearing officer affirmed the district hearing officer's decision declining to take jurisdiction over appellant's claim. Thereafter, appellant appealed the staff hearing officer's decision to the IC. The IC refused appellant's appeal. Appellant then moved for reconsideration of the IC's order; however, the IC denied appellant's motion for reconsideration.

{¶ 4} On October 30, 2000, appellant filed an appeal to the Summit County Court of Common Pleas. Appellees moved for summary judgment, which the trial court granted. Appellant timely appeals raising two assignments of error for review.

## ASSIGNMENT OF ERROR I

{¶ 5} "The trial court erred in granting Appellee's [*sic.*] Motion for Summary Judgment when it found that [ ] Appellant's second workers' compensation claim was barred by *res judicata* pursuant to the case law set forth in *Greene v. Conrad* and the requirements of the [IC's] *Resolution 98–1–02.*"

{¶ 6} In her first assignment of error, appellant avers that the trial court erred in granting appellees' motion for summary judgment. Specifically, appellant argues that the trial court erroneously interpreted *Greene v. Conrad* and erroneously applied Resolution 98–1–02 when it found appellant's second workers' compensation claim was barred by the doctrine of res judicata. We disagree.

{¶ 7} Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic). *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. If the movant satisfies this burden, the nonmoving party " 'must set forth specific facts showing that there is a genuine issue for trial.' " Id. at 293, 662 N.E.2d 264, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard thereby employing the same standard used by the trial court.

See *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691.

{¶ 8}  Res judicata precludes relitigating a point of law or fact that was at issue in a former action involving the same parties and decided by a court of competent jurisdiction. *State ex rel. Kroger Co. v. Indus. Comm.* (1998), 80 Ohio St.3d 649, 651, 687 N.E.2d 768.  Moreover, res judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action if a valid, final judgment rendered upon the merits exists. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.  The preclusive effect of res judicata also applies to the following situations: (1) administrative proceedings that are judicial in nature, including workers' compensation proceedings before the IC, where the parties have had ample opportunity to litigate the issues involved in the case; and (2) identical workers' compensation claims conclusively decided in a valid, final judgment on the merits. *State ex rel. Kroger Co. v. Indus. Comm.* (1998), 80 Ohio St.3d 649, 651, 687 N.E.2d 768; *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263, 31 OBR 463, 510 N.E.2d 373.  See, also, *State ex rel. Crisp v. Indus. Comm.* (1992), 64 Ohio St.3d 507, 508, 597 N.E.2d 119.

{¶ 9}  In order for a claim to fall within the parameters of *Greene v. Conrad* and Resolution 98–1–02 and, accordingly, proceed to a subsequent adjudication, the claimant must produce evidence to support each of the following elements, as outlined in the BWC's CST Advisory 31–3:

{¶ 10}  "(1) BWC denied a claim allowance for lack of adequate medical evidence or any information *to establish a claim;*

{¶ 11}  "(2) No appeal is filed on the BWC order denying the original allowance of claim; and

{¶ 12}  "(3) A second claim application is filed for the same incident/accident." (Emphasis added).

{¶ 13}  Appellant argues that her claim should not have been barred by the doctrine of res judicata because it falls within the parameters of *Greene v. Conrad* and Resolution 98–1–02.  Specifically, appellant contends that in her case and in *Greene,* the BWC denied the applications for workers' compensation benefits because of the absence of requested information.  However, upon a careful examination, an important distinction becomes apparent.  In *Greene,* the claimant did not provide any information to the BWC and, as a result, the BWC denied the application on the ground that the claimant had "not provided all the information requested by BWC *to establish a claim.*"  (Emphasis added.) *Greene,* supra, at * 1. In essence, the claimant in *Greene* failed to overcome the

initial hurdle of the burden of production, which is different from the present case.

{¶ 14}    In the instant case, the BWC relied upon medical evidence in appellant's file and denied her application for the following reasons:

{¶ 15}    "(1) The evidence does not support a finding that the employee sustained a physical injury or has contracted an occupational disease.

{¶ 16}    "(2) The employee has not met his or her burden of proof.  The requested information has not been provided.

{¶ 17}    "(3) There is no medical to support the date of injury. 1st date of medical treatment was 9/25/99 where the physician does not relate it to any industrial injury but does give diagnosis of arthritis hip/foot."

{¶ 18}    Although the BWC stated that "[t]he requested information has not been provided[,]" it did not state that appellant failed to provide the requested information *to establish a claim.*   On the contrary, the BWC did find that appellant had established a claim but did not provide sufficient evidence to satisfy her burden of proof to show the causal connection between her injury and her employment.

{¶ 19}    Thus, this case does not fall within the parameters of the *Greene* decision or Resolution 98–1–02.  Appellant appealed to the trial court regarding the IC's denial of her motion for reconsideration for workers' compensation benefits.  This motion was based on the same injury that was the subject of her first application.  Appellant provided medical evidence with her first application for compensation and benefits, thereby establishing her claim and allowing the BWC to decide her application on the merits.  This does not fit the factual situation of *Greene.*  See *Cooper v. Ohio Bur. of Workers' Comp.* (May 30, 2000), Warren App. Nos. CA99–07–082 and CA99–09–108, 2000 WL 710082.  Therefore, the BWC's denial of her application was not ministerial, but rather a final judgment that would preclude relitigation.  Id., finding that the claimant in *Greene* failed to provide the BWC with any evidence to allow it to decide the claim on its merits and, consequently, that decision was ministerial in nature. Last, appellant's failure to timely appeal rendered the BWC's decision final.

{¶ 20}    Viewing the evidence in the light most favorable to appellant, this court finds that the trial court properly determined that appellees are entitled to judgment as a matter of law.  Accordingly, appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶ 21}    "The trial court erred in not addressing appellant's argument that, pursuant to [*State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.* (1994), 71 Ohio

St.3d 504, 644 N.E.2d 361] and *Greene,* all BWC claim denials are ministerial functions and not adjudicative functions, and therefore the doctrine of res judicata does not bar the filing of a second claim application within the applicable statute of limitations for that injury."

{¶ 22} In her second assignment of error, appellant argues that the trial court erred by failing to address her argument regarding *Crabtree* and *Greene,* namely, that all BWC claim denials are ministerial functions and, therefore, the doctrine of res judicata does not bar the filing of a second claim application. Appellant's argument is not well taken.

{¶ 23} Based upon our disposition in assignment of error one, we need not address appellant's argument as it relates to *Greene;* however, we will address her argument as it pertains to *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.* (1994), 71 Ohio St.3d 504, 644 N.E.2d 361.

{¶ 24} In *Crabtree,* the BWC allowed the claimant's application for benefits, but thereafter, terminated his temporary total disability ("TTD") compensation. Id. at 504–505, 644 N.E.2d 361. Thus, the case involved a contested claim for TTD compensation. Id. at 508, 644 N.E.2d 361. The BWC argued that it had the power to terminate contested claims; however, the court found that the statutory language does not authorize the BWC to terminate contested claims for TTD compensation, unless the claim falls within one of the four enumerated exceptions. Id. at 508, 509–510, 644 N.E.2d 361. The case at bar cannot be likened to *Crabtree* because the court in that case, addressed the BWC's actions regarding the termination of TTD compensation, not its denial of an initial application for compensation and benefits. Due to the factual differences, we do not find *Crabtree* applicable to appellant's argument. Consequently, appellant's second assignment of error is overruled.

{¶ 25} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BATCHELDER, J., concurs.

CARR, J., dissents.

CARR, Judge, dissenting.

{¶ 26} I respectfully dissent. Resolution 98–1–02 of the Industrial Commission of Ohio Adjudicatory Resolutions specifically provides for *Greene v. Conrad* (Aug. 21, 1997), Franklin App. No. 96APE12–1780, to apply to claims that are denied "for the reason that the claimant did not provide all the information requested by the Bureau of Workers' Compensation to establish a claim[.]" The

resolution does not require that the claim be denied for the sole reason that the claimant did not provide all the information requested to establish a claim.

{¶ 27}  Ohio law provides that the workers' compensation laws are to be liberally construed in favor of employees. *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 741 N.E.2d 121.  See, also, R.C. 4123.95.  As such, since the Bureau of Workers' Compensation ("BWC") cited as one of its reasons for denying appellant's claim the fact that she had not provided the requested information, *Greene* applies.  This statement appears in the same paragraph and immediately after the BWC's statement that appellant "did not meet her burden of proof."  The failure of a party to meet her burden of proof is usually used synonymously with failure to establish a claim.  Consequently, due to our mandate to liberally construe the workers' compensation law in favor of the employee, I would reverse.

{¶ 28}  I am additionally troubled by the preclusive effect of a denial of a claim at the BWC, since BWC no longer conducts adjudicative hearings.  In *Greene,* the Tenth District Court of Appeals expressed its concern over the res judicata issue in the following text:

{¶ 29}  "[A]s the Supreme Court pointed out in *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.* (1994), 71 Ohio St.3d 504, 644 N.E.2d 361, today the BWC does not conduct such hearings.  * * *

{¶ 30}  "The doctrine of *res judicata* is applicable to the orders of administrative agencies, but only when the order is the product of administrative proceedings that are 'of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding.' *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263 [31 OBR 463], 510 N.E.2d 373 (quoting *Superiors Brand [Meats, Inc.] v. Lindley* [1980], 62 Ohio St.2d 133 [16 O.O.3d 150], 403 N.E.2d 996, syllabus); see *Cincinnati Bell Tel. Co. v. Pub. Util. Comm.* (1984), 12 Ohio St.3d 280, 283 [12 OBR 356], 466 N.E.2d 848 (holding that doctrine was inapplicable because FCC order was legislative rather than adjudicative in nature); *Gerstenberger v. Macedonia* (1994), 97 Ohio App.3d 167, 173–174, 646 N.E.2d 489 (holding that doctrine was inapplicable to prior civil service commission order because, *inter alia,* city did not have opportunity to fully litigate all issues presented); *Independence v. Maynard* (1985), 25 Ohio App.3d 20, 28 [25 OBR 92], 495 N.E.2d 444 (holding that doctrine was inapplicable to EPA order granting landfill installation permit), certiorari denied (1986), 475 U.S. 1082, 106 S.Ct. 1459, 89 L.Ed.2d 717.  In defining the scope of judicial review of administrative proceedings under R.C. 2506.01, the Supreme Court held: 'Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.' *M.J. Kelley Co. v. Cleveland*

(1972), 32 Ohio St.2d 150 [61 O.O.2d 394], 290 N.E.2d 562, paragraph two of the syllabus. The Second Restatement of Judgments adopts the doctrine of *res judicata* as to any 'adjudicative determination by an administrative tribunal * * * only insofar as the proceedings resulting in the determination entailed the essential elements of adjudication.' Restatement of the Law 2d, Judgments (1980) 266, Section 83. Comment *b* to Section 83 summarizes this requirement as that of 'the essential procedural characteristics of a court.' Id. at 269.

{¶ 31} "The doctrine of *res judicata* does not apply to the ministerial acts of administrative agencies. In *Reich v. Youghiogheny and Ohio Coal Co.* (C.A.6 1995), 66 F.3d 111, 115, the court held that the doctrine did not apply to a calculation of interest due on benefits owed by a coal operator under the Black Lung Benefits Act: '[T]he fact that the agency's initial demand was a ministerial act and not a final order makes res judicata inapplicable.' In a different context, the Supreme Court of Ohio referred to the power of the BWC as being ministerial. In *State ex rel. Crabtree v. Ohio Bur. of Workers Comp.* (1994), 71 Ohio St.3d 504, 644 N.E.2d 361, the court stated:

{¶ 32} " '* * * The bureau's role is ministerial, not deliberative. The bureau gives way to the commission when a party contests an award, necessitating a weighing of evidence and a judgment. The bureau then makes the payments based upon the commission's judgments.

{¶ 33} " '* * *

{¶ 34} " 'The bureau correctly notes that R.C. 4121.39(A) directs the bureau to "[r]eview and process all applications for claims." "Review and process," however, does not equate to "affirmatively adjudicate" all applications for claims. * * *' Id. at 507–508, 644 N.E.2d 361."

{¶ 35} Although this issue is not dispositive here, I share these same concerns as well.