JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Michael Chiple ("Chiple") appeals the trial court's granting of summary judgment in favor of defendants-appellees Acme Arsena Company, Inc., et al. ("Acme"). Finding no merit to the appeal, we affirm.
 {¶ 3} In 2002, Chiple was employed by Acme and working as a carpenter on the 14th floor of the Hanna Building in Cleveland. As Chiple rode the service elevator to leave the construction site, the elevator dropped fourteen floors. Chiple alleged that he injured his lower back, left knee, and elbow.
 {¶ 4} Chiple filed an application for workers' compensation benefits. The Ohio Bureau of Workers' Compensation ("BWC") denied his claim on December 4, 2002. The BWC order stated that the claim was disallowed for a sprain to the lumbar region because Chiple was on property that Acme neither owned nor controlled. The order further stated that Chiple had failed to establish that there was a medical relationship between his diagnosed condition and his injury. The order granted him fourteen days from the receipt of the decision to appeal to the Ohio Industrial Commission ("IC") if he disagreed with the decision. Chiple did not appeal the order.
 {¶ 5} In May 2004, Chiple filed a request for appeal with the IC. He claimed that he did not understand that he had only fourteen days to appeal and that a conversation with a BWC worker led him to believe he had two years to appeal. The IC denied his request for relief and found that the BWC's order remained in full force and effect denying his claim.
 {¶ 6} In October 2004, Chiple filed a second application with the BWC for workers' compensation benefits. The second application was also denied, and the IC refused to hear any further appeal.
 {¶ 7} Chiple then appealed the order to the common pleas court. Acme and the BWC jointly moved for summary judgment, which the trial court granted. Chiple now appeals that decision, raising two assignments of error.
 {¶ 8} In his first assignment of error, Chiple argues that the trial court erred in granting summary judgment with respect to his initial claim for injuries to his lower back. In the second assignment of error, Chiple argues that the trial court erred in granting summary judgment with respect to his second claim for injuries to his lower back, left elbow, and both knees. We will consider the assignments of error together, because they involve the same standard of review.
 {¶ 9} This court reviews the lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 131, 705 N.E.2d 717; Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 10} The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
 {¶ 11} "(1) no genuine issue as to any material fact remainsto be litigated; (2) the moving party is entitled to judgment asa matter of law; and (3) it appears from the evidence thatreasonable minds can come to but one conclusion, and viewing suchevidence most strongly in favor of the nonmoving party, thatconclusion is adverse to the party against whom the motion forsummary judgment is made."
 {¶ 12} State ex rel. Parsons v. Fleming, 68 Ohio St.3d 509,511, 1994-Ohio-172, 628 N.E.2d 1377; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp.v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265,106 S.Ct. 2548; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95, 604 N.E.2d 138. There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 249-250,91 L.Ed.2d 202, 106 S.Ct. 2505.
 {¶ 13} Res judicata precludes relitigating a point of law or fact that was at issue in a former action involving the same parties and decided by a court of competent jurisdiction. Stateex rel. Kroger Co. v. Indus. Comm. (1998), 80 Ohio St.3d 649,651, 687 N.E.2d 768. The doctrine bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject of the previous action if a valid, final judgment rendered upon the merits exists. Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Res judicata may apply to workers' compensation proceedings before the IC, where the parties have had ample opportunity to litigate the issues involved in the case and also apply to identical workers' compensation claims conclusively decided in a valid, final judgment on the merits. State ex rel. Kroger Co. v. Indus.Comm. (1988), 80 Ohio St.3d 649, 651, 687 N.E.2d 768; SetProducts, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987),31 Ohio St.3d 260, 263, 510 N.E.2d 373.
 R.C. 4123.52 {¶ 14} Chiple first argues that summary judgment was improper because the provisions of R.C. 4123.52 apply to this case.
 {¶ 15} R.C. 4123.52 governs the continuing jurisdiction of the IC to modify and change its former findings or orders. Chiple claims that R.C. 4123.52 applies to his claim because the original BWC order contained a mistake of law and the IC has the authority to modify a prior order that is a mistake of law. SeeState ex rel. B C Machine Co. v. Industrial Comm. of Ohio,65 Ohio St.3d 538, 1992-Ohio-3200, 605 N.E.2d 372. Chiple maintains that the mistake of law made in this case was the BWC's statement in its 2002 order that he could not maintain a claim because he was injured on property that Acme neither owned nor controlled.
 {¶ 16} The IC reviewed Chiple's claim pursuant to R.C.4123.52 and determined that he did not establish a mistake of law, fact, or clerical error. The transcripts from the IC's review are not part of the record on appeal; therefore, we have only the IC's record of proceedings form for our review. It is apparent from the form that Chiple testified regarding his understanding of the appeal process but failed to present evidence regarding whether it is necessary for an employee to be on employer-owned property for an injury to be considered sustained "in the course of employment."
 {¶ 17} We find that any argument regarding the location of the claimed injury could have been raised before the IC in 2002. Therefore, under the doctrine of res judicata, we find that Chiple is barred from now arguing that R.C. 4123.52 applies to his claim because he could have made that argument in the prior proceeding.
 The Application ofGreene v. Conradto Chiple's Claim {¶ 18} Chiple next argues that the trial court erred in granting summary judgment because the case Greene v. Conrad
(Aug. 21, 1997), Franklin App. No. 96ADE12-1780, applies to his originial claim.
 {¶ 19} In Greene, supra, the BWC denied an employee's application for workers' compensation benefits because she failed to provide all of the information requested by the BWC to establish a claim. The employee did not appeal the denial of her claim, but instead filed a new application to which she attached medical records. The court determined that no adjudication on the merits occurred on the first application because the employee did not produce any evidence that the BWC could review to render its decision. Thus, the employee's second application was not precluded by the doctrine of res judicata because the first application was not decided on the merits. Id.
 {¶ 20} Pursuant to Greene, a claimant must satisfy the following requirements for the court to hear the merits of an employee's subsequent claim: (1) the BWC denied the initial claim because the claimant did not provide all of the information requested by the BWC to establish a claim or there was insufficient information submitted to establish a claim; (2) the employee did not file an appeal of the BWC order denying the original claim; and (3) a second claim is filed for the same incident or accident. Marinkovic v. Diversified InventorySolution, Inc., 147 Ohio App.3d 497, 2002-Ohio-453,771 N.E.2d 291; see also BWC's CST Advisory 31-3; ICR 98-1-02.
 {¶ 21} Chiple argues that his case falls under the purview ofGreene, supra, because the BWC came to unsupportable conclusions regarding the medical evidence in his file. We disagree.
 {¶ 22} The BWC order stated in pertinent part:
 {¶ 23} "The evidence does not support a finding that theemployee sustained a physical injury or has contracted anoccupational disease.
 {¶ 24} There is no medical relationship between the diagnosedcondition and the described injury/occupational disease.
 {¶ 25} BWC has conflicting evidence on file.
 {¶ 26} This decision is based on: medical documentation infile [and] BWC rules and guidelines."
 {¶ 27} The BWC's order was clearly a "decision on the merits." The BWC denied Chiple's claim based on its analysis of his medical documentation and its own rules and guidelines. Chiple fails to show that the BWC had insufficient evidence to determine he established a claim or that there was not sufficient medical evidence on which the Bureau could render a decision.
 {¶ 28} If Chiple disagreed with BWC's "unsupportable conclusions," or its interpretation of medical evidence in his file, then he should have appealed the order within the fourteen-day appeal time indicated in the order. He did not and, therefore, the BWC order is final. Thus, we find that Greene
does not apply to the instant case.
 Chiple's Second Application for Compensation {¶ 29} We find that res judicata bars Chiple's second application for compensation for alleged injuries to his back, elbow, and knees.
 {¶ 30} As mentioned infra, res judicata bars all subsequent actions that are based on any claim arising out of the same occurrence that was the subject of the previous action. Among the principal policies underlying the doctrine of res judicata is the avoidance of a multiplicity of lawsuits arising out of the same operative facts, and the assurance of an end to litigation.Queener v. City of Dayton (Dec. 31, 1997), Montgomery App. No. 16494. The efficient use and conservation of limited judicial and quasi-judicial resources is achieved by providing parties an incentive to resolve conclusively an entire controversy involving the same core facts. Grava, supra. "An existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit." Id., quoting National Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 558 N.E.2d 1178.
 {¶ 31} It is apparent that Chiple's second application originated from the same accident that was the subject of the previous administrative proceedings because both applications were made against the same employer and all injuries were allegedly caused by an elevator accident that occurred on October 23, 2002.
 {¶ 32} Chiple had the opportunity to litigate the issues involved in his second claim in the first application or by properly appealing the BWC's 2002 order denying his claim. Since he chose not to do so, we find that all matters pertaining to and arising out of that specific accident were final once an appeal was not filed. Thus, we find that Chiple's claims are barred by res judicata.
 {¶ 33} Therefore, the first and second assignments of error are overruled.
 {¶ 34} Accordingly, judgment is affirmed.
It is ordered that appellees recover from appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Blackmon, J. concur.