DECISION.
{¶ 1} Plaintiff-appellant Yolanda Godfrey appeals from the trial court's entry denying her motion for summary judgment and granting summary judgment in favor of defendant-appellee, the Administrator of the Ohio Bureau of Workers' Compensation (BWC), on her claim for worker's compensation benefits.
 {¶ 2} In February 2005, Godfrey filed a claim with the BWC for payment of compensation and medical benefits after allegedly sustaining an injury to her middle back within the course and scope of her employment with defendant-appellee Saint Joseph Infant and Maternity Home. On March 10, 2005, the BWC denied her claim on the following basis: "There is conflicting evidence in the file. Injured worker stated cannot remember the date and time of injury occurred." The decision further informed Godfrey, in all capital letters, that it would become final if a written appeal was not received fourteen days after Godfrey had received notice of the decision.
 {¶ 3} Godfrey did not appeal the BWC's decision. Instead, she filed another claim for benefits on June 30, 2005, that was identical to her first application. A month later, Godfrey filed a C-86 motion requesting that the BWC "process" her June 30, 2005, claim in accordance with the Tenth Appellate District's decision in Greene v. Conrad[1] and Industrial Commission Resolution 98-1-02.
 {¶ 4} A district hearing officer (DHO) denied Godfrey's motion, determining that the BWC's order had disallowed Godfrey's claim "due to conflicting medical evidence [regarding] whether there was a work related injury." The DHO stated that Godfrey's claim was dissimilar to the one in Greene because the BWC had denied her claim on the basis of conflicting medical *Page 3 
evidence. Thus, the DHO concluded that the BWC's March 10, 2005, order was a final adjudication on the merits of her claim, and that Godfrey's second claim was barred by the doctrine of res judicata. A staff hearing officer affirmed the DHO's ruling. The Industrial Commission declined to hear Godfrey's appeal.
 {¶ 5} Godfrey then appealed to the court of common pleas pursuant to R.C. 4123.512. She subsequently moved for summary judgment. The BWC filed a memorandum opposing the motion, a cross-motion for summary judgment, and a motion to dismiss Godfrey's appeal. The trial court granted summary judgment to the BWC on Godfrey's claim, and it issued orders denying the remaining dispositive motions. Although it provided no analysis in its entry granting summary judgment, the trial court cited the Greene case and Marinkovic v. Diversified Inventory Solution,Inc.,[2] as authority for its decision.
 {¶ 6} In her sole assignment of error, Godfrey argues that the trial court erred in granting summary judgment to the BWC because her claim satisfied the criteria set forth in Greene and in Industrial Commission Resolution 98-1-02. The BWC argues, on the other hand, that Godfrey's failure to comply with the mandatory jurisdictional requirements of R.C.4123.511 and 4123.512 divested the trial court of jurisdiction over her claim. It alternatively argues that Godfrey's claim was distinguishable from the one in Greene, and was, therefore, barred by the doctrine of res judicata.
 {¶ 7} We review the trial court's entry of summary judgment de novo, using the same standard that the trial court applied.[3] Summary judgment is appropriate under Civ.R. 56(C) when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of *Page 4 
law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party."[4]
 {¶ 8} We begin our analysis by addressing the BWC's argument that the trial court lacked subject-matter jurisdiction over Godfrey's claim based on her failure to timely appeal the BWC's March 10, 2005, order. R.C. 4123.511 states that appeals to a DHO at the Industrial Commission must be taken by the employer or employee within fourteen days from receipt of the bureau's decision.[5] R.C. 4123.512 further provides that only a timely appeal of the DHO's decision to the appropriate body at the Industrial Commission and a timely appeal from that administrative body to the trial court can invoke the trial court's jurisdiction.[6]
 {¶ 9} It is undisputed that Godfrey failed to file an appeal with the Industrial Commission or the trial court following the BWC's denial of her first claim for benefits. Godfrey's current appeal, however, is not taken from the BWC's initial March 10, 2005, decision, but from the BWC's decision denying her second claim for benefits.[7] Because Godfrey timely followed the procedures outlined in R.C. 4113.511 and4123.512 in prosecuting her appeal from the BWC's denial of her second claim, the trial court had jurisdiction to entertain her appeal from that claim.[8] Thus, the issue is not, as the BWC urges, whether the trial court had jurisdiction to hear her first claim, but whether, as Godfrey argues, the *Page 5 
BWC's decision denying her first claim was binding upon her second claim under the doctrine of res judicata.[9]
 {¶ 10} Godfrey maintains that her second claim was not barred by the doctrine of res judicata because the BWC had failed to address the merits of her first claim. Res judicata operates to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and that was passed upon by a court of competent jurisdiction.[10] In arguing that her claim should not have been barred by res judicata, Godfrey relies upon the Tenth Appellate District's decision in Greene and Industrial Commission Resolution 98-1-02.
 {¶ 11} In Greene, "the Tenth Appellate District identified certain circumstances under which res judicata does not bar a second [claim] for workers' compensation benefits even though the injury at issue was the subject of a prior unsuccessful [claim] for benefits."[11] The Tenth Appellate District held that when the BWC denies a claim because there has been insufficient information submitted to establish the claim, the investigatory stage for the claim has not been completed and the claimant can later make a second application for the same incident and have a determination on the merits made by the BWC.[12] Shortly after the Greene decision, the Industrial Commission promulgated Resolution 98-1-02, which provides that R.C. 4123.511(B)(1)'s appeal provisions are not triggered under the facts set forth in the Greene decision.[13] *Page 6 
 {¶ 12} Godfrey contends that there was insufficient information available to the BWC to adjudicate her first claim upon the merits. But the record reveals that the BWC received and reviewed medical records and medical notes from Drs. James Johnson and Janet Cobb regarding Godfrey's claim. The BWC also received and reviewed documentation from Godfrey and her employer prior to denying her claim. Thus, the BWC did not deny Godfrey's application based upon a lack of information or a failure to provide requested information, but rather upon conflicting evidence in the record.[14] Consequently, the Greene case and Industrial Commission Resolution 98-1-02 did not apply to her claim.
 {¶ 13} Because Godfrey had the opportunity to litigate the issues involved in her second claim in the first application or by properly appealing the BWC's March 10, 2005, order denying her first claim, all matters pertaining to and arising out of that specific incident were final once an appeal was not filed.[15] Consequently, the trial court did not err in granting summary judgment to the BWC on the basis that her second claim was barred by res judicata. We, therefore, overrule Godfrey's sole assignment of error and affirm the judgment of the court below.
Judgment affirmed.
HENDON and CUNNINGHAM, JJ., concur.
[1] (Aug. 21, 1997), 10th Dist. No. 96APE12-1780.
[2] 147 Ohio App.3d 497, 2002-Ohio-453, 771 NE.2d 291.
[3] Koos v. Central Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588, 641 N.E.2d 265.
[4] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[5] See, also, R.C. 4123.511(L); Arbar Corp. v. Wellmeier (Sept. 20, 1995), 2 nd Dist. No. 94-CA-99.
[6] Wein v. Seaman Corp. (1996), 116 Ohio App.3d 189, 192,687 N.E.2d 477.
[7] Greene, supra.
[8] Id.
[9] Id.
[10] State ex rel. Kroger Co. v. Indus. Comm., 80 Ohio St.3d 649, 651,1998-Ohio-174, 687 N.E.2d 768.
[11] Druck v. Dynalectric Co. of Ohio, 2nd Dist. No. 19688, 2003-Ohio-3767, at ¶ 8.
[12] Id.
[13] Faierman v. Conrad, 12th Dist. Nos. CA2003-10-271 and CA2003-10-272, 2004-Ohio-6319, at ¶ 19-23.
[14] See Chiple v. Acme Arsena Co., 8th Dist. No. 87586,2006-Ohio-5029, at ¶ 21-28; Marinkovic, supra, at 501; Cooper v. Admr.Ohio Bur. of Workers' Comp. (May 30, 2000), 12th Dist. Nos. CA99-07-082 and CA99-09-108.
[15] Chiple, supra, at ¶ 32.